UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
)
ENDLESS SALES, INC. )
) Case No. 17-11037-EEB
)
EIN: 26-2964586 )
)
Debtor. )

**COVERSHEET FOR MOTION SEEKING EXPEDITED ENTRY OF ORDERS AND NOTICE OF IMPENDING HEARINGS THEREON**

The Debtor in the above-captioned Chapter 11 filed on February 13, 2017, requests the Court to enter the Orders listed below on an expedited basis, pursuant to L.B.R. 2081-

**1. THE DEBTOR HAS FILED MOTIONS SEEKING EXPEDITED ENTRY OF THE FOLLOWING ORDERS:**

1. \_\_\_\_\_ Order Authorizing the Joint Administration of Multiple Debtor Bankruptcy Cases (see L.B.R. 1015-1)

2. \_X\_\_ Order Authorizing Payment of Prepetition Wages, Salaries, Expenses

3. \_X\_\_ Interim Order Authorizing Use of Cash Collateral (see L.B.R. 4001-3)

4. \_\_\_\_\_ Interim Approval of Post Petition Secured and/or Super-Priority Financing Pursuant to Section 364(c) of the Bankruptcy Code

5. \_\_\_\_\_ Order Authorizing Payment of Prepetition Claims of Certain Critical Vendors and Suppliers

6. \_\_\_\_\_ Order Authorizing Debtor to Honor Certain Customer Obligations, Including Warranty Claims

7. \_\_\_\_\_ Interim Order Determining Adequate Assurance of Payment for Future Utility Services and Restraining Utility Companies from Discontinuing, Altering or Refusing Service

8. \_\_\_\_\_ Order Establishing Interim Notice Procedures (see L.B.R. 2081-2)

9. \_\_\_\_\_ Order Authorizing Bonus or Retention Plans

10. \_\_\_\_\_ Order Authorizing Retention of Cash Management Systems

11. _____ Order Establishing Investment Guidelines

12. _____ Other Orders:

DATED: February 13, 2017

Respectfully submitted,

By: <u>s/ Jeffrey S. Brinen</u>
Jeffrey S. Brinen, #20565
Keri L. Riley, #47605
Kutner Brinen, P.C.
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
Email: jsb@kutnerlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ENDLESS SALES, INC. | ) |
| | ) Case No. 17-11037-EEB |
| | ) |
| EIN: 26-2964586 | ) |
| | ) |
| Debtor. | ) |

### NOTICE OF FILING OF CHAPTER 11 DEBTOR'S
### MOTION SEEKING EXPEDITED ENTRY OF ORDERS

**L.B.R. 2081-1 PROVIDES THAT A HEARING WILL BE HELD ON DEBTOR'S MOTIONS WITHIN THREE DAYS.** Debtor will give you fax or e-mail notice of the time and place of the hearing only if you respond to this Notice by fax or email stating that you wish to be notified of the hearing. Your response may be in the form of L.B. Form 2081-1.3 and must specify the fax or e-mail address at which you wish to receive notice. If you specify more than one method of notice, Debtor will use the method most readily available to Debtor. You may also obtain information on the time and place of the hearing by checking the Court's calendar over the internet at www.cob.uscourts.gov.

**REQUESTS FOR NOTICE OF THE HEARING SHALL BE FAXED OR EMAILED TO COUNSEL FOR DEBTOR AT jsb@kutnerlaw.com or 303-832-1510.**

DATED: February 13, 2017                    Respectfully submitted,

                                            By: ___s/ Jeffrey S. Brinen___
                                            Jeffrey S. Brinen, #20565
                                            Keri L. Riley, #47605
                                            Kutner Brinen, P.C.
                                            1660 Lincoln Street, Suite 1850
                                            Denver, CO 80264
                                            Telephone: (303) 832-2400
                                            Telecopy: (303) 832-1510
                                            Email: jsb@kutnerlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ENDLESS SALES, INC. | ) |
| | ) Case No. 17-11037-EEB |
| | ) |
| EIN:  26-2964586 | ) |
| | ) |
| Debtor. | ) |

**RESPONSE AND REQUEST FOR NOTICE OF HEARING**

**Attention:** Jeffrey S. Brinen, counsel to the Debtor.

The undersigned requests that notice of the date, time and place of the hearing on Debtor's Motions Seeking Expedited Entry of Orders be served as follows:

\_\_\_\_\_ By e-mail to _____

\_\_\_\_\_ By fax to _____

Dated: _____    By: _____
*Counsel to* _____
Attorney registration number (if applicable)
Business address (or home address for *pro se*)
Telephone number
Facsimile number
E-mail address

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ENDLESS SALES, INC. | ) |
| | ) Case No. 17-11037-EEB |
| | ) |
| EIN:   26-2964586 | ) |
| | ) |
| Debtor. | ) |

**MOTION FOR EXPEDITED ENTRY OF ORDERS**

The Debtor and Debtor in Possession, Endless Sales, Inc. ("Debtor"), by and through its attorneys, Kutner Brinen, P.C. ("counsel"), for its Motion Seeking Expedited Entry of Orders respectfully states as follows:

1. The Debtor filed its Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code on February 13, 2017.

2. The Debtor is a business that owns and operates a forklift sales operation located in Denver, Colorado.

3. The Debtor has filed the Motions identified below and is seeking pursuant to L.B.R. 2081-1 expedited orders for each. The factual predicate for the need for expedited orders is set forth below.

*Motion for an Order Authorizing (A) Payment of Prepetition Employee Wages and Salaries; and (B) Payment of all Costs and Expenses Incident to the Foregoing Payments*

4. As of the Petition Date, the Debtor owed its employees gross wages totaling $17,118.70 ("Prepetition Wages"). A list of the employees and the amounts due is attached hereto as Exhibit A.

5. The Debtor seeks authority to pay or honor, in its sole discretion, any Prepetition Wages that remain unpaid as of the Petition Date.

6. Any delay in paying prepetition wages and paycheck deductions will adversely affect the Debtor's relationship with its Employees and will irreparably impair Employee morale at the time when the dedication, confidence, and cooperation of its Employees is most critical. Employee support is critical for the success of the Debtor's ongoing operations. The Debtor cannot risk a

substantial disruption to its business operations that would accompany a failure to pay or honor Prepetition Wages in the ordinary course.

7. The amount represented by Prepetition Wages is needed to enable the Employees to meet their personal obligations and to satisfy mandatory payroll deduction deductions, including payroll taxes. Many of these Employees live paycheck to paycheck and rely exclusively on receiving their full compensation and job-related benefits in order to meet their ordinary living expenses. Without the requested relief, the stability of the Debtor would be undermined by the potential threat that otherwise loyal Employees would seek other employment or would be so distracted by issues concerning compensation that they would not operate at peak efficiency at a time when the Debtor needs their full performance and cooperation the most.

*Motion for Authority to Use Cash Collateral*

8. Pre-petition, in July 2013 the Debtor entered into a loan agreement with BBVA Compass ("Compass"). The Debtor subsequently entered into a second loan transaction with Compass in May 2014, and a third loan with Compass in October 2014. As of the Petition Date, the Debtor's books and records indicate that the total amount owed to Compass on account of its secured loans is $685,553.00.

9. The indebtedness owed to Compass is secured by a first position lien on substantially all of the Debtor's assets, including its inventory, accounts receivable, cash, and accounts.

10. The Debtor's assets on the Petition Date consist of accounts receivable in the amount of $1,085,879.25, inventory in the amount of $1,204,580.89, vehicles in the amount of $158,325, furniture and fixtures in the amount of $3,500, and cash and cash equivalents in the amount of approximately $18,000.00.

11. The Debtor is replacing it cash on a daily basis. The Debtor's income is derived from sales of its inventory, and payments for services provided to customers. The income generated by the Debtor is cash collateral in which Compass has an interest as a secured creditor. Compass's secured interest will be adequately protected in by the Debtor's ongoing replacement of its cash, and by the value of the Debtor's inventory and equipment. The Debtor believes that Compass is oversecured by the value of the Debtor's assets.

12. The Debtor plans to continue operation of its business throughout the Chapter 11 case and propose a Plan of Reorganization, which will provide for the continuation of the Debtor's business.

13. In order to pay necessary operating expenses, the Debtor must immediately use Cash Collateral in which Compass has an interest. The Debtor proposes to use cash collateral on an interim basis until such time as the Court schedules a final hearing on the use of cash collateral.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, a proposed form is filed herewith, granting the relief requested herein, and for such further and additional relief as to the Court may appear proper.

DATED: February 13, 2017

Respectfully submitted,

By: /s/ Keri L. Riley
    Jeffrey S. Brinen, #20565
    Keri L. Riley, #47605
    **KUTNER BRINEN, P.C.**
    1660 Lincoln Street, Suite 1850
    Denver, CO 80264
    Telephone: (303) 832-2400
    Telecopy: (303) 832-1510
    E-Mail: klr@kutnerlaw.com